Tawnya OSBAKKEN, Peter Barnes, and Tamara Black, Appellants,

v.

Peggy Jo WHITTINGTON, d/b/a Illiamna Services, Appellee.

No. S–14126.

Supreme Court of Alaska.

Dec. 7, 2012.

Nikole Nelson, James J. Davis, Jr., and Robert P. Lynch, Alaska Legal Services Corporation, for Appellants.

No appearance by Appellee.

Before: CARPENETI, Chief Justice, FABE, WINFREE, and STOWERS, Justices.

*OPINION*

CARPENETI, Chief Justice.

## I. INTRODUCTION

Five disabled Alaskans sued their former representative payee (an individual appointed by the Social Security Administration to receive benefits for someone unable to manage his or her money). At the conclusion of trial, the superior court awarded both compensatory and punitive damages to the plaintiffs; it also entered certain injunctive relief against the representative payee as to both parties and non-parties. But it declined to enter other injunctive relief as to non-parties. Three of the plaintiffs appeal. They argue that the superior court failed to understand that non-party injunctive relief was available under Alaska's Unfair Trade Practices and Consumer Protection Act. Because the superior court actually entered non-party injunctive relief, we disagree with the plaintiffs' characterization of the superior court proceedings and affirm the superior court in all respects.

## II. FACTS AND PROCEEDINGS

Five disabled Alaskans [1] (the beneficiaries) who received social security and other government benefits sued Peggy Jo Whittington,

---

1. The five plaintiffs were Tawnya Osbakken, Peter Barnes, Tamara Black, Ethel Bruce, and Eliz-  abeth Wolford. Bruce and Wolford passed away before this appeal was taken.

their former representative payee.[2] The beneficiaries alleged that Whittington violated several legal duties owed to them while managing their finances.

The central issue in this appeal regards plaintiffs' allegation that Whittington violated the Unfair Trade Practices and Consumer Protection Act (UTPA). The superior court concluded that Whittington violated UTPA by: implying the fee she charged was approved by the Social Security Administration; continuing to charge monthly fees after clients provided notice of termination; failing to provide statements to clients upon request; sending out a letter providing that Whittington would be joining another individual in a joint venture, where no definitive intent ever existed; and appointing herself paid trustee for clients without their permission.

The beneficiaries also alleged that Whittington was professionally negligent in her duties. The superior court concluded that Whittington was professionally negligent by: paying client bills from client's checking or savings account, where the bills could have been paid from a separate trust; failing to provide clients with their living allowances; failing to account for money; charging double termination fees; and engaging in a "pervasive pattern of incompetence in the running of [her] business."

The superior court awarded compensatory damages and punitive damages to the beneficiaries. The superior court also ordered the following injunctive relief in the event Whittington ever goes "back into the business": Whittington may not act in a fiduciary capacity for more than 30 clients at a time; she must provide all future clients with monthly statements; and she must notify all future clients "that she was found liable for unfair trade practices and ... professional negligence." Although the beneficiaries had requested additional relief, primarily non-party injunctive relief, the superior court found that "it [was] not appropriate to grant non-party relief in this case." The superior court added, "[i]f you want non-party relief in general, you have to file a class action."

Plaintiffs appeal what they view as the superior court's failure to recognize that non-party injunctive relief is available under UTPA.

## III. STANDARD OF REVIEW

"Questions regarding the interpretation and application of a statute are questions of law to which we apply our independent judgment."[3] We adopt "the rule of law most persuasive in light of precedent, reason, and policy."[4]

## IV. DISCUSSION

### The Superior Court Understood That Non–Party Injunctive Relief Was Available Under Alaska's UTPA.

The beneficiaries' sole argument on appeal is that "the trial court erred in holding that, absent a class action, non-party injunctive relief is unavailable under Alaska's UTPA." The beneficiaries contend that the superior court's order "is inconsistent with both the plain language of [AS 45.50.535] and legislative intent."

Alaska Statute 45.50.535 provides for private injunctive relief under UTPA. In particular, AS 45.50.535(a) reads:

> Subject to (b) of this section and in addition to any right to bring an action under AS 45.50.531 or other law, any person who was the victim of the unlawful act, whether or not the person suffered actual damages,

**2.** "A representative payee is an individual or organization appointed by [the Social Security Administration] to receive Social Security and/or [Supplemental Security Income] benefits for someone who cannot manage or direct someone else to manage his or her money. The main responsibilities of a payee are to use the benefits to pay for the current and foreseeable needs of the beneficiary and properly save any benefits not needed to meet current needs." Social Security Administration, FAQs for Representative Payees, http://www.ssa.gov/payee/faqrep.htm (last visited November 20, 2012). Whittington was doing business as Illiamna Services, IS, Inc., and Alliance Services.

**3.** *State v. Jeffery,* 170 P.3d 226, 229 (Alaska 2007).

**4.** *Jacob v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.,* 177 P.3d 1181, 1184 (Alaska 2008) (citations omitted).

may bring an action *to obtain an injunction prohibiting a seller or lessor from continuing to engage in an act or practice declared unlawful under AS 45.50.471.*

(Emphasis added.) We agree with the beneficiaries that the plain language of AS 45.50.535(a) resolves the issue of whether non-party injunctive relief is available under UTPA—the benefit of an injunction broadly prohibiting a seller or lessor from continuing to engage in unfair trade practices would absolutely apply to non-parties.[5]

But while we agree with this legal argument in the abstract, we disagree with the characterization of the superior court's action. The beneficiaries rely on the final two sentences of the superior court's order, which provides: "Next, I find that it is not appropriate to grant non-party relief in this case. If you want non-party relief in general, you have to file a class action." Based on this language, the beneficiaries contend the superior court held "that, absent a class action, non-party injunctive relief is unavailable under Alaska's UTPA."

But this is clearly not the superior court's holding. The superior court recognized that non-party injunctive relief was available under AS 45.50.535, because in the same order the court entered non-party injunctive relief (that is, injunctive relief that will pertain to persons who are not parties to this case). It issued several orders that will effectively prohibit Whittington from continuing to engage in unfair trade practices. It ordered that Whittington may not act in a fiduciary capacity for more than 30 clients; she must provide monthly statements to clients; and she must notify all future clients "that she was found liable for unfair trade practices and ... professional negligence." This injunctive relief will benefit non-parties by effectively prohibiting Whittington from engaging in unfair trade practices. We interpret the two sentences that the beneficiaries focus on as representing the superior court's decision not to grant *further* non-party relief beyond that which it had already ordered.

Finally, to the extent that appellants seek further injunctive relief, the superior court's power was discretionary and it chose not to enter such relief.[6] The beneficiaries have not challenged this discretionary decision on appeal.

## V. CONCLUSION

The superior court understood that it had the power to issue non-party injunctive relief because it issued such relief. For that reason, we reject the beneficiaries' claim that the superior court held that non-party injunctive relief is unavailable without a class action in Alaska, and AFFIRM the decision of the superior court.

---

**5.** The legislative history regarding the intent of AS 45.50.535 to provide non-party injunctive relief under UTPA is equally compelling. *See, e.g.,* Minutes, House Judiciary Comm. Hearing on H.B. 203, 20th Leg., 2d Sess. (Feb. 9, 1998) (statement of Rep. Fred Dyson and testimony of Julia Coster) (each explaining AS 45.50.535's intent to allow private citizens to act as private attorneys general).

**6.** The beneficiaries appear primarily interested in an order that would require Whittington to produce accountings for all of her former clients. Because the court decided not to enter such an order and the beneficiaries have not challenged this decision on appeal, we do not reach the issue of whether the superior court had the power to order an accounting for non-parties in this case.